FILED

FEB 20 2026

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

ERIK JAHIR GONZALES CAMBAR, §
§
§
Petitioner, §
§
§
v. §    NO. SA-26-CV-210-OLG
§
§
PAMELA BONDI *et al.*, §
§
Respondents. §

## ORDER

Pending before the Court is Petitioner Erik Jahir Gonzales Cambar's Motion for Order to Show Cause (Dkt. No. 9). For the reasons that follow, the Motion (Dkt. No. 9) is **DENIED**.

On January 16, 2026, Petitioner initiated this habeas action challenging his mandatory detention under 8 U.S.C. § 1225(b)(2)(A) on the grounds that he was present in the United States at the time of his detention and, thus, entitled to a bond hearing under 8 U.S.C. § 1226(a). *See* Dkt. No. 1. The Court resolved the statutory question in Petitioner's favor and ordered Respondents to provide him with a bond hearing pursuant to § 1226(a) or release him. *See* Dkt. No. 7. On February 4, 2026, Petitioner received a bond hearing. The immigration judge found that he presents a "significant flight risk" and, thus, denied bond. *See* Dkt. No. 8-1 at 1.

On February 19, 2026, Petitioner filed the Motion presently pending before the Court. *See* Dkt. No. 9. Petitioner argues that the immigration judge ignored facts suggesting that he does not pose a flight risk and impermissibly focused on the fact that he once "ran from immigration officers." *Id.* at 2–4. According to Petitioner, this constitutes "serious legal error that warrants this Court's review." *Id.* at 4.

Based on the Court's interpretation of the statute, it granted Petitioner the process which it believed he was due: a bond hearing before an immigration judge. While Petitioner may be

frustrated with the result of that hearing, the Court lacks jurisdiction to review the discretionary judgment of the immigration judge. *See* 8 U.S.C. § 1226(e); *Nielsen v. Preap*, 586 U.S. 392, 401 (2019). In any event, the Court granted Petitioner a bond hearing before the Fifth Circuit decided *Buenrostro-Mendez v. Bondi*, --- F.4th ---, 2026 WL 323330 (5th Cir. Feb. 6, 2026). That decision unambiguously forecloses the statutory claim Petitioner asserted in these proceedings: "unadmitted aliens apprehended anywhere in the United States are ineligible for release on bond, regardless of how long they have resided inside the United States." *Id.* at 3.

**IT IS SO ORDERED**.

**SIGNED** on February ___*20*___, 2026.

ORLANDO L. GARCIA
United States District Judge

2